Kate M. Swearengen
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x
: 
MIRIAM MURILLO, : DOCUMENT
: ELECTRONICALLY FILED
Plaintiff, :
:
- against - : Civil Action No.
:
CELIA EZON CELLER and PHILIP CELLER, :
:
Defendants. :
:
------------------------------------------------------------------ x

## COMPLAINT

Plaintiff Miriam Murillo ("Plaintiff"), by and through her attorneys Cohen, Weiss and Simon LLP, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a wage and hour action against defendants Celia Ezon Celler and Philip Celler (together, "Defendants").

2. For close to three years, Defendants employed Plaintiff as a live-in domestic worker in their Oakhurst, New Jersey home. During that time, Plaintiff worked long hours, scrubbing Defendants' toilets, mopping their floors, washing their dishes, cleaning their house, making their beds, washing and ironing their clothes, cooking for them and caring for their six young children and their dog.

3. Defendants, however, never paid Plaintiff legally. They paid her off the books, always in cash. They paid her less than minimum wage. They did not pay her time and one half for her overtime hours. By this lawsuit, Plaintiff seeks to remedy these and other wage and hour violations.

**NATURE OF ACTION**

4. This action is brought to recover unpaid wages, as well as damages, liquidated damages, and attorney's fees and costs, owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and under the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a et seq. ("NJWHL").

5. Plaintiff also seeks a declaratory judgment setting forth that Defendants have violated the FLSA and NJWHL, along with damages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

8. Upon information and belief, Defendants are subject to personal jurisdiction in New Jersey.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because events or omissions giving rise to the claims occurred in this district.

10. The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

<u>Plaintiff</u>

11. Plaintiff was employed by Defendants as a live-in domestic worker from January 2, 2014 until on or about August 8, 2016. She is a covered employee within the meaning of the FLSA and NJWHL. Plaintiff is an adult individual who is a resident of Corona, Queens County, New York.

<u>Defendants</u>

12. Celia Ezon Celler ("Ezon Celler") has been, at all times relevant to this action, a resident of New Jersey, residing at 302 Crimson Circle, Oakhurst, New Jersey, 07755 and, upon information and belief, currently resides at that address.

13. Philip Celler ("Celler") has been, at all times relevant to this action, a resident of New Jersey, residing at 302 Crimson Circle, Oakhurst, New Jersey, 07755 and, upon information and belief, currently resides at that address.

14. Upon information and belief, at all times relevant to this action, Ezon Celler and Celler were spouses, and currently maintain that status.

15. Defendants were employers of Plaintiff within the meaning of the FLSA and NJWHL as, upon information and belief, at all relevant times, they had the power to hire and fire Plaintiff, set her hours and wages, direct and supervise her work, maintain her employment records and otherwise control the terms and conditions of her employment.

## FACTUAL BASIS FOR CLAIMS

**Plaintiff's Duties and Hours**

16. On or about January 1, 2014, Defendants hired Plaintiff to be a live-in domestic worker at their home in Oakhurst, New Jersey.

17. From January 2, 2014 until on or about August 8, 2016, Plaintiff cleaned Defendants' home, washed and ironed their clothes, cared for their six young children and their dog, cooked for them, and washed their dishes and performed other tasks for their household, as directed by Defendants.

18. Plaintiff would begin working in Defendants' home on a Tuesday morning and would finish work 11 days later, on a Saturday morning. She would return to work the following Tuesday, three days later, and sometimes on Monday evenings at Defendants' request. This cycle continued for the duration of Plaintiff's employment. Throughout her employment, Defendants required Plaintiff to work holidays, including Thanksgiving, Christmas and New Year's Day.

19. Plaintiff typically worked in Defendants' home from approximately 7:00 a.m. until 8:00 p.m., with the exception of Fridays, when she worked from 7:00 a.m. until 11:00 p.m. In addition, two to three nights a week, Defendants directed Plaintiff to care for their children while they went out in the evening after 8:00 p.m.

20. Defendants provided Plaintiff with a room in the basement of their home, where she slept on work nights, and sometimes provided her with meals. However, Defendants did not give Plaintiff breaks during her workday, with the exception of an occasional 20-minute break to eat around 5:00 p.m.

**Plaintiff's Wages**

21. On January 2, 2014, Plaintiff's first day of work, Ezon Celler told her that her pay would be $450 for each week.

22. On January 2, 2014, Plaintiff's first day of work, and thereafter except on Fridays (when she worked longer hours), Plaintiff worked from 7:00 a.m. until 8:00 p.m.

4

23. On the Saturday at the end of every 11-day cycle, Defendants paid Plaintiff $900, in cash. The cash was placed in a drawer.

24. Defendants never provided Plaintiff with written statements, at the time of payment or afterwards, documenting the number of hours worked, gross wages, or any deductions.

25. Plaintiff never viewed (and was never given) FLSA and/or NJWHL notice postings. Upon information and belief, Defendants failed to comply with the FLSA and NJWHL notice posting requirements.

26. On one occasion, Plaintiff asked that Ezon Celler pay her more. Ezon Celler became upset and told Plaintiff she could not increase her wages.

27. In July 2016 or thereabouts, Plaintiff developed a serious tooth infection. The infection became so bad that Plaintiff could not speak without pain. Plaintiff requested that Ezon Celler give her a day off so she could see a dentist. Ezon Celler refused and told Plaintiff to see a dentist on a day off. Plaintiff eventually found a dentist who would see her on her day off. The dentist scheduled surgery for a Monday.

28. Plaintiff informed Ezon Celler that she would have to miss work on the Monday for the surgery. At first, Ezon Celler told Plaintiff that she would have to cancel the surgery. Plaintiff gave Ezon Celler her dentist's phone number and told her that she could call and confirm that she was in fact scheduled for surgery. Ezon Celler relented and told Plaintiff that she could have surgery on the Monday, but that she would have to come to work immediately afterwards. Plaintiff advised Ezon Celler that the surgery was scheduled for 2:00 p.m., late in the day, and that she could not come to work immediately afterwards. Ezon Celler told Plaintiff that if she could not come to work on Monday, to come on Tuesday.

29. Plaintiff had the surgery on Monday. At the surgery, the doctor advised Plaintiff that, at minimum, she had to rest Monday and Tuesday because of the risk of hemorrhage. Plaintiff texted Ezon Celler to advise her of the doctor's order, and that she would be at work on Wednesday.

30. In response, Ezon Celler texted Plaintiff and told her that she could not count on her and that she had found someone to replace her.

31. Defendants never paid Plaintiff for the days she worked in her final 11-day cycle.

## COUNT ONE
### Fair Labor Standards Act--Minimum Wage Violations

32. Plaintiff realleges and incorporates by reference all allegations in all of the preceding paragraphs herein.

33. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

34. At all times relevant to this action, Plaintiff was an employee covered under the FLSA as an employee engaged in domestic service.

35. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

36. Defendants' violations were willful. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with FLSA with respect to Plaintiff's compensation.

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages and pre- and

post-judgment interest, as well as reasonable attorney's fees and the costs of this action, all in an amount to be determined at trial, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
### New Jersey Wage and Hour Law—Minimum Wage Violations

38. Plaintiff realleges and incorporates by reference all allegations in all of the preceding paragraphs herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants as a live-in domestic worker within the meaning of the NJWHL, specifically N.J.S.A. §34:11-56a1.

40. At all relevant times, Defendants willfully failed to pay Plaintiff the lawful minimum hourly wage, in violation of the NJWHL, specifically N.J.S.A. §34:11-56a4.

41. Defendants' violations were willful. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the NJWHL with respect to Plaintiff's compensation.

42. Due to Defendants' NJWHL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and pre- and post-judgment interest, as well as reasonable attorney's fees and the costs of this action, all in an amount to be determined at trial, pursuant to N.J.S.A. §34:11-56a25.

## COUNT THREE
### New Jersey Wage and Hour Law—Overtime Wage Violations

43. Plaintiff realleges and incorporates by reference all allegations in all of the preceding paragraphs herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants as a live-in domestic worker within the meaning of the NJWHL, specifically N.J.S.A. §34:11-56.1a.

45. Throughout her employment, Plaintiff worked more than 40 hours per week, and Defendants never paid her overtime.

46. Defendants failed to pay Plaintiff overtime wages at a rate of at least one-and-a-half times the minimum wage rate for each hour worked in excess of 40 hours per week, in violation of the NJWHL, specifically N.J.S.A. §34:11-56a4.

47. Defendants' violations were willful. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the NJWHL with respect to Plaintiff's compensation.

48. Due to Defendants' NJWHL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and pre- and post-judgment interest, as well as reasonable attorney's fees and the costs of this action, all in an amount to be determined at trial, pursuant to N.J.S.A. §34:11-56a25.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. An award of damages, including unpaid minimum and overtime wages and liquidated damages, pursuant to the FLSA and NJWHL;

B. Pre-judgment and post-judgment interest to be paid by Defendants;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and NJWHL;

D. All reasonable attorney's fees and costs of this action; and

E. Such other relief as this Court deems appropriate, just and proper.

Dated: January 11, 2017
New York, New York

By: *Kate Swearengen*
Kate M. Swearengen
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff